# CIRCUIT COURT OF THE CITY OF RICHMOND

Chippenham Place
Associates, L.L.C.

v.

Ebony Jones

December 7, 2011

Case No. CL11-2141

By Judge Melvin R. Hughes, Jr.

This case, a suit brought by a landlord against a tenant for possession, was tried to the court on November 28, 2011. The landlord seeks relief on the ground that the tenant violated the lease by allowing the presence of an individual on the premises who had been banned.

The salient facts are that on March 3, 2011, two bail bondsmen presented themselves at the property manager's office seeking permission to enter the tenant's premises for the purpose of arresting a fugitive from bail. The property manager advised the bondsmen that they could enter the premises if they had the proper "authority" to do so. Later that day, the property manager took a position outside of the defendant's apartment to observe when the bondsmen went to the defendant's apartment. She testified that she saw the banned person in mid-air landing on the ground feet first and then running across the lawn, leaving the area. The plaintiff presented a surveillance camera recording, which depicted a man straightening up from a crouching position on the ground under a second-floor window where the defendant lived, and then running away across a lawn area and disappearing behind another building. The property manager stated that the recording depicted what she saw from her position.

The tenant and her visiting guest testified that, while watching television, around 2 p.m., they heard a knock at the door. Before the tenant had an opportunity to answer, two men crashed through the door displaying weapons and announcing that they were in search of the wanted man. Both

the tenant and the guest testified that the man was not there. Nor was he found.

As noted, the landlord seeks possession on the ground that the wanted man was banned from the premises after prior notice to the tenant to this effect. The tenant posits that the action of the bondsmen, breaking in to find the wanted person, amounted to a constitutional violation the court should not countenance to afford the landlord relief of possession. Second, the tenant contends that there is insufficient evidence to support that the wanted person, the banned individual, was actually present.

The constitutionality of the actions of the bondsmen does not come into play unless they were governmental or state actors in the process. The property manager testified that the bondsmen came to her seeking permission to capture a wanted man located in the defendant's apartment. If armed with an arrest warrant, the bondsmen were exercising powers conferred by state law. *Jackson v. Pantajes*, 810 F.2d 426 (4th Cir. 1987). In such case, the actions of the bondsmen would be subject to constitutional scrutiny. Otherwise, under Virginia law, a bail bondsman is prohibited from representing that he represents the federal government or the Commonwealth. See Va. Code §§ 9.1-8 and 9.1-186.10. Absent exigent circumstances, a law enforcement officer or one clothed with such authority may not search for a person named in a warrant in a third party's home without first obtaining a separate search warrant for the third-party premises. *Steagald v. United States*, 451 U.S. 204 (1981).

Here, the actions of the bondsmen to break and enter into a third party's private property to effect this arrest are arguably violative of law constitutionally under *Steagald* because the men were there under some authority to conduct an arrest. Their actions may be otherwise illegal as violative of Va. Code § 19.2-59. The statute prohibits the police "or any other person" from conducting searches of places and things "except by virtue of a properly issued search warrant." Additionally, if at the instance of the landlord, the intrusion may have violated the defendant's right to quiet enjoyment under her written term lease with the plaintiff.

The court, under the circumstances, cannot countenance the relief prayed for in the face of activity that may be questioned under law. This court's jurisdiction over appeals from the General District Court is derived from that of the General District Court. Va. Code § 17.1-513. Actions in the General District Court are tried on principles of law and equity, and when in conflict, equity principles prevail. See Va. Code § 16.1-114.1.

Here, the principle of the plaintiff's rights to re-enter and possess the demised premises due to a lease violation conflict with the defendant's right to quiet enjoyment. Under equitable principles of fairness, equity demands that the plaintiff not have judgment here, whether or not there was concert of action, acquiescence, or permission, between the bondsmen

54

and the landlord. The court will deny the plaintiff possession and award the judgment to the defendant.